


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY URBAN, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, | )     1:26-cv-01841<br>)     Judge Jorge L. Alonso<br>)     Magistrate Judge Laura K. McNally<br>)     RANDOM/Cat 2 |
| Defendant. | ) |
| | ) |
| JURY TRIAL DEMANDED | ) |

---

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983)

---

I. INTRODUCTION

1. This action arises under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments resulting from the warrantless seizure, impoundment, damage, and continued retention of Plaintiff's property by agents of the CITY OF CHICAGO acting under color of state law.

## II. PARTIES

1. Plaintiff GREGORY URBAN is an individual resident of Illinois and was at all relevant times the lawful possessor of the vehicle at issue.

2. Defendant CITY OF CHICAGO is a municipal corporation organized. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper under 28 U.S.C. § 1391(b) because all events giving rise to this action occurred within this district.

## IV. FACTUAL ALLEGATIONS

1. On or about February 4, 2026, Plaintiff's vehicle was parked on a public street at or near 5207 W. Belle Plaine Ave., Chicago, Illinois.

2. The vehicle was stationary and not obstructing traffic or creating a public safety hazard.

3. Agents of the City of Chicago seized and impounded the vehicle without a warrant.

4. The seizure was recorded as a violation of Municipal Code of Chicago § 9-80-220(c) (false or stolen registration).

5. Plaintiff was not present at the time of the seizure and did not receive contemporaneous personal notice.

6. No citation was issued at the scene.

7. While in the custody and control of the CITY OF CHICAGO or its agents, the vehicle was forcibly entered, resulting in damage to the driver-side door.

8. Plaintiff was not provided with an inventory report or written documentation explaining the forced entry.

9. An administrative hearing was conducted only after the vehicle had already been seized and impounded.

10. At the conclusion of that proceeding, the CITY OF CHICAGO entered a non-suit required for Plaintiff to reclaim the vehicle.

11. Plaintiff submitted a Freedom of Information Act request to CPD seeking body-worn camera footage, dispatch logs, and incident documentation relating to the seizure.

12. CPD acknowledged receipt of the request.

13. CPD responded that no responsive body-worn camera footage or related documentation exists.

14. Upon information and belief, City policy requires documentation and body-worn camera activation during enforcement actions such as vehicle impoundment.

15. The absence of documentation and camera evidence reflects a failure to adhere to standardized impound procedures.

16. In connection with the seizure, CITY OF CHICAGO agents confiscated Plaintiff's license plate identified as Inventory No. 15895393.

17. The license plate has not been returned.

18. The plate has not been adjudicated contraband and no forfeiture proceeding has been initiated.

19. The continued withholding of the license plate constitutes an ongoing deprivation of property.

20. The plate displayed on the vehicle did not purport to be issued by the State of Illinois or any United States state authority, nor did it mimic or counterfeit any Illinois registration format.

21. The plate did not represent itself as a temporary Illinois registration permit or state-issued credential.

## V. MUNICIPAL LIABILITY (MONELL)

1. The seizure and impoundment of Plaintiff's vehicle were conducted pursuant to City policies, customs, or practices governing enforcement of Municipal Code § 9-80-220(c).

2. The CITY OF CHICAGO maintains impoundment practices that authorize immediate seizure without judicial oversight.

3. The CITY OF CHICAGO further maintains practices that fail to ensure adequate documentation, preservation of body-worn camera evidence, and proper inventory procedures.

4. The CITY OF CHICAGO policies and practices failed to provide constitutionally sufficient procedural safeguards and supervision.

## VI. LEGAL AUTHORITY

1. 42 U.S.C. § 1983 provides a civil remedy against a municipality that, through its policies or customs, deprives a person of rights secured by the Constitution.

2. In *Maine v. Thiboutot*, 448 U.S. 1 (1980), the Supreme Court confirmed that § 1983 applies to constitutional violations.

3. In *Owen v. City of Independence*, 445 U.S. 622 (1980), the Supreme Court held that municipalities are not entitled to qualified immunity.

4. The Fourth Amendment protects against unreasonable seizures of personal property, including vehicles. *Soldal v. Cook County*, 506 U.S. 56 (1992).

---

## VII. CLAIMS FOR RELIEF

### COUNT I – Fourth Amendment (Unreasonable Seizure)

1. Plaintiff realleges paragraphs 1–35.

2. The warrantless seizure and impoundment of Plaintiff's parked vehicle constituted an unreasonable seizure.

3. The City's enforcement and impoundment practices failed to ensure constitutionally sufficient safeguards and objective standards.

---

### COUNT II – Fourteenth Amendment (Procedural Due Process)

1. Plaintiff realleges paragraphs 1–38.

2. Plaintiff was deprived of property without constitutionally adequate notice or opportunity to be heard prior to seizure.

3. The post-deprivation administrative proceeding did not cure the unconstitutional deprivation.

4. The continued retention of Plaintiff's license plate constitutes an ongoing deprivation of property and caused damage to the vehicle while in custody.

## VIII. DAMAGES

1. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

- Property damage
- Loss of use
- Administrative burden and time expended
- Emotional distress
- Other compensable damages

## IX. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Award compensatory damages in an amount to be determined by a jury;

B. Enter declaratory judgment that the February 4, 2026 seizure violated the Fourth and Fourteenth Amendments;

C. Order Defendant to return Plaintiff's license plate identified as Inventory No. 15895393;

D. Award costs of suit pursuant to 28 U.S.C. § 1920;

E. Grant such other relief as the Court deems just and proper.

---

VIII. JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

---

**Submitted on behalf of Plaintiff GREGORY URBAN**

By: **Gregory: Urban**, Attorney-in-Fact

Pro Se, sui juris

c/o 4104 N Major Ave

Chicago, Illinois

773-733-6145

Date: 2/18/2026

Signature: *Gregory Urban*